UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SAHRAN WILSON-ROBINSON          CIVIL ACTION

VERSUS                           NO. 10-584

OUR LADY OF THE LAKE REGIONAL
MEDICAL CENTER, INC.             SECTION "K"

## ORDER AND OPINION

Before the Court is the "Motion for Reconsideration of Granting of Summary Judgment" filed on behalf of plaintiff Sahran Wilson-Robinson (Doc. 73). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

### Background

Plaintiff Sahran Wilson-Robinson, a former employee of Our Lady of the Lake Regional Medical Center ("OLOL"), filed suit against OLOL alleging racial discrimination under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq. and Louisiana law. She also alleged a state law claim for intentional infliction of emotional distress and claims under 42 U.S.C. §1983. Ms. Wilson-Robinson later amended her complaint to allege additional facts, apparently substituting a claim under 42 U.S.C. §1981 for the previously alleged §1983 claim. The Court granted defendant's motion seeking dismissal of all of plaintiff's claims except her claim for retaliation under Title VII. Doc. 32. Thereafter OLOL filed a motion for summary judgment on plaintiff's retaliation claim which the Court granted. Doc. 70. After granting defendant's motion for summary judgment, the Court entered judgment dismissing plaintiff's claims.

Plaintiff now urges the Court to reconsider its prior dismissal of her claim for retaliation on several grounds described hereinafter. The relevant factual background is set forth in detail in the Order and Opinion granting defendant Our Lady of the Lake's ("OLOL") Motion for Summary

Judgment" (Doc. 70).

Law and Analysis

Because defendant filed this motion within twenty eight (28) days of the Court's Order and Opinion granting defendant's motion for summary judgment, the Court addresses the motion under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet v. Hydrochem, Inc.*, 347 F.3d 473, 479 (5th Cir. 2004). This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in the controlling law. *In Re Katrina Canal Beaches Consolidated Litigation*, 2009 WL 5216897 at 1 (E.D. La. December 29, 2009). This Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly." *Id.* (see Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d* §2810.1. p. 124, *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. February 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120 at * 1 (E.D. La., August 30, 1995). Rule 59(e) "should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Lafargue v. Jefferson Parish*. No. 98-3185, 2000 WL 174899 at *1 (E.D. La. February 10, 2000).

Prior to issuing its Order and Opinion granting defendant's motion for summary judgment, the Court carefully reviewed the parties' briefs and the relevant law. Plaintiff urges that the Court failed to construe the facts in the light most favorable to plaintiff and misstated the facts in stating that "[a]pparently in response to Ms. Boston's request that Ms. Wilson-Robinson get her phone so

2

that Ms. Wilson-Robinson could check her phone log to see if she had called the identified numbers, Ms. Wilson-Robinson declined to cooperate." Doc. 70, p. 6. Ms. Wilson-Robinson urges that fact is disputed because she understood at the time of the meeting that Ms. Boston wanted physical custody of the phone. The Court disagrees. The transcript of the the March 18, 2010 conversation between Ms. Wilson-Robinson and Ms. Boston indicates that Ms. Boston asked plaintiff if she called Danielle Davis between 12:03 and 12:47 p.m. the day before. Doc. 66-20, Ex. AU, p. 6. When plaintiff responded that she did not recall, Ms. Boston stated "[y]ou don't recall, o.k., do you need to get your phone to look at it?" When plaintiff again stated that she did not recall Ms. Boston stated "[o.]k., get your phone and look and see . . ." Id. The transcript contains no evidence that Ms. Boston sought physical custody of the phone.

Plaintiff also asserts that the Court incorrectly stated that defendant "had not reduced her pay from the higher rate paid to employees classified as 'Nurse Applicant' to the lesser pay rate applicable to 'surgical techs' . . ." Doc. 72-1, p. 2. Plaintiff disputes that fact but offers no competent summary judgment evidence that "surgical techs" earned the higher rate of pay. Plaintiff's conclusory assertion concerning her pay is insufficient to preclude the granting of defendant's motion for summary judgment. *RSR Corporation v. International Insurance Company*, 612 F.3d 851, 857 (5th Cir. 2010)

Nor does the Court agree with the plaintiff's contention that the Court erred in applying the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973), procedural framework in analyzing this claim. In setting forth the procedural framework for evaluating a retaliation claim, the Fifth Circuit has stated:

> A plaintiff establishes a *prima facie* case of retaliation by showing (I) he engaged in protected activity, (ii) an adverse employment action

3

> occurred, and (iii) there was a causal link between the protected activity and the adverse employment activity action. *Taylor v. United Parcel Serv., Inc.,* 554 F.3d 510, 523 (5th Cir. 2008). If the plaintiff successfully presents a *prima facie* case, the burden shifts to the employer to provide a "legitimate, non-retaliatory reason for the adverse employment action," *Long v. Eastfield Coll.*, 88 f.3d 300, 304-05 (5th Cir. 1996) (citation omitted). If the defendant presents evidence that support that it acted properly, the fact-finder must decide whether retaliation was the **but-for** cause for the employer's action. *Id.* at 305, n. 4.

*Hernandez v. Yellow Transportation, Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (emphasis added). In analyzing OLOL's motion for summary judgment, the Court followed the analytical approach outlined by the Fifth Circuit in *Hernandez.*

The Court also rejects plaintiff's contention that the Court misstated the date of the protected activity. In the motion for reconsideration, plaintiff urges the date that she filed her EEOC claim as the date of her protected activity. Based on that protected activity, plaintiff urges that the Court therefore incorrectly determined that the temporal proximity between plaintiff's protected activity, and the reduction of her pay and/or termination was insufficient, standing alone, to establish the causal connection necessary a *prima facie* case of retaliation. Plaintiff's contention lacks merit. Even assuming that the date of the filing of the EEOC claim is the correct date for determining temporal proximity between the protected activity and the adverse employment action, the Court did not err in concluding that plaintiff's retaliation claim must be dismissed. The Court specifically concluded that "even if plaintiff established the necessary temporal proximity to satisfy her burden of proving a causal connection between her protected activity and the reduction of her pay and/or termination, and thereby satisfied the requirements necessary to establish a *prima facie* case of retaliation for reduction of her pay and/or termination, OLOL is nonetheless entitled to summary judgment." Doc. 70, p. 14. OLOL asserted that it reduced plaintiff's pay after discovering that

Case 3:10-cv-00584-SRD-JW   Document 94   04/24/13   Page 4 of 5

plaintiff was overpaid for the position of "surgical tech." In response to that assertion, plaintiff failed to submit competent summary judgment evidence supporting a finding "that at the time OLOL reclassified plaintiff as a 'surgical tech' that it agreed to allow her to retain the pay of a nurse intern, that she was otherwise qualified to be paid at a higher rate, or that her new rate of pay was not the proper rate for the 'surgical tech' position." Id. at 15. Given that failure, defendant was entitled to summary judgment on the retaliation claim related to the reduction of plaintiff's pay.

Similarly, the Court made an alternative finding with respect to plaintiff's claim of retaliation related to her termination. The Court held that even if plaintiff established a *prima facie* case of retaliation related to her termination, that defendant had offered evidence, which if accepted as true, "would permit a conclusion that plaintiff's termination was not retaliatory and that the defendant's explanation for her termination [ unprofessional behavior and inappropriate interaction with the compliance office] constituted a legitimate, nondiscriminatory explanation for defendant's termination of plaintiff's employment." Id. at 16. Because plaintiff failed to carry her burden of demonstrating "a conflict in substantial evidence on the ultimate issue of retaliation in order to withstand a motion for summary judgment" the Court granted OLOL's motion for summary judgment. Id., quoting *Medina v. Ramsey Steele Co., Inc.*, 238 F.3d 674, 685 (5th Cir. 2001).

For the reasons stated, the Court finds no manifest error of law or fact upon which is based is prior decision. Accordingly, the Court denies the motion for reconsideration.

New Orleans, Louisiana, this 23rd day of April, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

Case 3:10-cv-00584-SRD-JW   Document 94   04/24/13   Page 5 of 5