UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SAHRAN WILSON-ROBINSON**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 10-584**

**OUR LADY OF THE LAKE REGIONAL**                             **SECTION "K"**
**MEDICAL CENTER, INC.**

## ORDER AND OPINION

Before the Court is the "Motion for Award of Attorney's Fees" filed on behalf of defendant Our Lady of the Lake Regional Medical Center, Inc. ("OLOL") (Doc. 76). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Sahran Wilson-Robinson filed suit alleging race discrimination under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq, and Louisiana law. She also alleged a state law claim for intentional infliction of emotional distress and claims under 42 U.S.C. § 1983. Ms. Wilson-Robinson later amended her complaint to allege additional facts, apparently substituting a claim under 42 U.S.C. § 1981 claim for the previously alleged claim under § 1983. OLOL filed a motion seeking dismissal of each of plaintiff's claims, except her claim for retaliation under Title VII, which the Court granted. Doc. 32. Thereafter OLOL filed a motion for summary judgment on plaintiff's claim for retaliation. The Court granted defendant's motion for summary judgment, and dismissed plaintiff's suit. Thereafter plaintiff filed a "Motion for Reconsideration of Granting of Summary Judgment" filed on behalf of plaintiff Sahran Wilson-Robinson (Doc. 73), which the Court denied.

Plaintiff brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, 42 U.S.C. §1983, and under Louisiana's Anti-Discrimination Law, La. Rev. Stat. 23:303. Each of

those statutes permits an award of attorney's fees to a prevailing defendant under certain circumstances. Title VII provides in pertinent part that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee (including expert fees) as part of the costs . . ." 42 U.S.C. §2000e-5(k). Title 42 U.S.C. §1983 provides in pertinent part that "[i]n any action or proceeding to enforce a provision of section . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Louisiana's Anti-Discrimination Law provides that "[a] plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages as a result of the claim, reasonable attorney fees, and court costs." La. Rev. Stat. 23:303(B).

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed. 2d 648 (1978), the Supreme Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation even though not brought in subjective bad faith." To put it another way, "[u]nder Section 706(k) of Title VII, 42 U.S.C. §2000e-5(k), a prevailing defendant can recover attorney's fees . . . if the action was unreasonable, frivolous, meritless, or vexatious." *E.E.O.C. v. Kimbrough Investment Co.*, 703 F.2d 98, 103 (5th Cir. 1983), citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. at 421. Defendant concedes that the *Christiansburg* standard also applies to claims for attorney's fees brought under §1983 and Louisiana's Anti-Discrimination Law. In *Christiansburg*, the Supreme Court cautioned that district courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Stover v. Hattiesburg*

*Public School District*, 549 F.3d 985, 997 (5th Cir. 2008). In analyzing whether a prevailing defendant is entitled to attorney's fees, "a district court must ask whether 'the case is so lacking is arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1141, citing *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981).

Despite the fact that plaintiff's retaliation claim proved unable to withstand defendant's motion for summary judgment, the record does not reflect that this claim was unreasonable, without foundation, frivolous, or vexatious. Plaintiff established that she participated in a protected activity and that she suffered an adverse employment action by OLOL. Plaintiff ultimately failed to establish a causal connection between her protected activity and the reduction or her pay and/or the termination of her employment. However, her contention that she could establish a causal connection based on temporal proximity between her protected activity and the adverse employment actions was not without foundation. Although defendant was entitled to summary judgment on plaintiff's retaliation claim, the Court cannot conclude that plaintiff's retaliation claim was without "arguable merit." *Id.* To the extent that defendant's motion for attorney's fees seeks fees for plaintiff's claims under 42 U.S.C. §1983 and Louisiana's anti-discrimination statute, the Court denies the motion. As these claims were not the focal point of the litigation and the time expended on these claims was *de minimus* as compared to the time spent on the retaliation claim, the Court exercises its discretion and declines to award defendant attorney's fees for those claims.

Accordingly, the Court denies defendant's motion.

New Orleans, Louisiana, this 23rd day of September, 2013.

                                      STANWOOD R. DUVAL, JR.
                                  UNITED STATES DISTRICT JUDGE

4